LAWRENCE A. CHEHARDY, Judge Pro Tempore.
Cleo German instituted this suit for $1,200 against Hubert Andries for the cost of repair to a house he had moved for her from one lot to another in Sabine Parish. Judgment was rendered in favor of plaintiff in the sum of $1,146.60. Defendant has appealed.[1]
In December 1980, Mrs. German had contracted with Mr. Andries to move a house she had purchased in Many, Louisiana, to another lot she owned in the parish. He moved the house for $2,100 and was paid in full for his services. Shortly thereafter plaintiff called to complain about a block that was not set properly, a door that would not shut, and that the house was not level. Defendant said he would be back in a few days to take care of the matter, but he never came. Plaintiff tried to contact him on seven or eight occasions over a two-month period, but he never returned her phone calls.
No one lived in the house for two years until December 1982 when plaintiff moved in. Sometime after the house was moved, two rooms were added to the front, but it is unclear from the record whether these rooms were added before or after Mrs. German moved in 1982. The portion of the house plaintiff had moved was not level and plaintiff engaged Earnest Florane to level the house. Florane charged $1,146.60 for the work and plaintiff then sued Andres for the cost of repair.
It is defendant’s position that the repairs were necessary because of erosion of the soil and not because of negligence or fault in connection with moving the house three years prior to suit.
Mr. Florane testified for plaintiff. He had seen the house prior to its having been moved and had submitted a $2,600 bid to move the house, but plaintiff had selected Mr. Andries because he gave her a better price. Florane saw the house again shortly before he made the repairs, three or four weeks prior to trial. Upon inspection he found a few blocks had washed out under *764 the house, some of the blocks were cracked and a sill had been left out causing a 2- to 3-foot drop in the floor. The defects were in the portion of the house that was moved, and not in the area where the two rooms had been added.
Florane said there was a hill behind the house and rainwater was causing some of the problems when it ran down the hill and under the house. To correct this he placed a pad under the house beneath the surface of the ground. This will alleviate the problem somewhat, but if enough water runs under the house in the future, plaintiff will have the same problem.
Defendant’s son Tommy testified on behalf of his father. He is also a house mover, but he had not taken part in moving plaintiff’s house. When he inspected the house shortly before trial, he found excessive dirt fill around the house. He concluded trees had been removed from the lot necessitating the dirt fill. He noted that one of the piers under the house had shrunk about a foot into the ground and had gone into the earth like a sink hole. He attributes this to water draining from the hill and running under the house causing the piers to wash out.
Francis Reeves, a house mover, also testified on behalf of defendant. He viewed the house before trial and found that six blocks needed replacing. He attributed this to erosion due to rain.
In oral reasons, the trial judge stated he found there were deficiencies in the work from the very beginning that could not be attributable to erosion, although erosion later complicated the problems.
The judge found defendant did promise to come back after a few days to make the necessary corrections, that he did intend to do so, but never got around to it. (Defendant did testify to that effect.)
While the testimony of all of the house movers indicated the present problem is due to erosion, nevertheless the trial court was correct in finding that plaintiff’s initial complaints were disregarded by defendant and that he made no attempt to correct them. Had he taken care of the matter promptly, the present problem might have been avoided or at least alleviated before it became the very serious problem plaintiff had to have corrected.
In view of the much discretion accorded the trial judge, we are unable to find that his decision is manifestly erroneous. Canter v. Koehring Company, 283 So.2d 716 (La.1973); Arceneaux v. Domingue, 365 So.2d 1330 (La.1979).
For the reasons assigned the judgment appealed from is affirmed.
AFFIRMED.

. When the case was tried initially, both parties appeared in proper person. Judgment was rendered in favor of plaintiff for $1,050. Defendant was granted a new trial. Both parties were represented by counsel in this trial.